**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| FASTCASE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | **COMPLAINT FOR** |
| LAWRITER LLC, | ) | **DECLARATORY JUDGMENT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Fastcase, Inc. ("Fastcase") alleges:

1. This is a civil action in which Fastcase seeks declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, preliminary and permanent injunctive relief, and other necessary and proper relief, enjoining Defendant Lawriter, LLC ("Defendant" or "Lawriter") from acting in such a manner as to impede Fastcase's publication of (a) the official Georgia Administrative Rules and Regulations, as published on the website of the Secretary of State of Georgia at http://rules.sos.state.ga.us/gac/ (the "Georgia Regulations") or (b) any other state or federal laws, rules or regulations. The Georgia Regulations are binding law – a broad-ranging collection of rules and regulations governing areas from consumer protection to banking to elections.

## PARTIES

2. Fastcase is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in Washington, District of Columbia. As such, Fastcase is a citizen of the State of Delaware and the District of Columbia for purposes of assessing diversity jurisdiction.

3. Lawriter is a limited liability company whose principal place of business is in the State of Virginia. Fastcase is informed and believes, and on that basis alleges, that Lawriter is a single-member LLC, whose member is SSN Holdings, LLC; that SSN Holdings, LLC, has two members, Paresh Sheth and Satish Sheth; and that both Paresh Sheth and Satish Sheth are citizens and residents of the State of California. Thus, Lawriter is a citizen of California for purposes of assessing diversity jurisdiction.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*; Article I, § 8, cl. 8 of the U.S. Constitution); § 1332(a)(1) (diversity of citizenship, as alleged more fully in ¶¶ 2-3 and 5-7); and § 1338 (exclusive original jurisdiction over claims arising under the Copyright Act), because the claims Lawriter has threatened to assert against Fastcase include

claims for copyright infringement and state law claims that are pre-empted by copyright law so that the resolution of the claims would be governed by copyright law.[1]

5. The amount in controversy exceeds $75,000 because, if Fastcase were unable to offer the Georgia Regulations to all members of the State Bar of Georgia, Fastcase's contract with the State Bar would be subject to termination, causing a loss to Fastcase of substantially more than $75,000 per year.

6. In addition, Lawriter itself has claimed that the amount in controversy exceeds $75,000, in the "Terms of Use" that Lawriter established for the Georgia Regulations page of the website of the Georgia Secretary of State. Those terms include:

> You agree that you will not sell, will not license, and will not otherwise make available in exchange for anything of value, anything that you download, print, or copy from this site.
>
> You agree that you will not copy, print, or download any portion of the regulations posted on this site exceeding a single chapter of regulations for sale, license, or other transfer to a

---

[1] Plaintiff recognizes that the Court has previously ruled that, under 11th Circuit precedent, a party cannot establish federal question jurisdiction without a federally registered copyright. Plaintiff disagrees with the applicability of this law to the facts at hand, particularly in light of Lawriter's explicit threat to sue for copyright infringement (which necessarily implies at least an attempt to obtain copyright registration) and for state-law claims that should be pre-empted by copyright, and reasserts its claim of federal question jurisdiction to preserve the issue for reconsideration or appeal.

> third party, except that you may quote a reasonable portion of the regulations in the course of rendering professional advice.
>
> If you violate this agreement, or if you access or use this website in violation of this agreement, you agree that Lawriter will suffer damages of at least $20,000.

7. By these terms, Lawriter asserts that each and every time that Fastcase updates the Georgia Regulations from its sole official source, the website of the Georgia Secretary of State, and every time Fastcase offers such information to any member of the State Bar of Georgia or any other subscriber, "Lawriter will suffer damages of at least $20,000." To provide a current Georgia law library to members of the State Bar of Georgia in compliance with its contract, Fastcase would be required to engage in conduct that Lawriter would consider a violation, at least daily, and possibly thousands of times every day, depending on how many members access Fastcase's Georgia Database. The value attached by Lawriter to its threatened claims against Fastcase is thus substantially in excess of $75,000.

8. The Court has general personal jurisdiction over Lawriter because it systematically conducts its publishing operations, and has availed itself of the privileges of conducting business in the State of Georgia, by licensing use of, as well as offering to sell and selling subscriptions to use, Georgia Regulations to citizens of the State of Georgia. The Court also has specific personal jurisdiction over Lawriter because this dispute arises out of Lawriter's interpretation of the

contract Lawriter has negotiated, entered into, and executed with the Secretary of State of Georgia in the State of Georgia, to publish the Georgia Regulations.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District, including Defendant's negotiation, entry into, and execution of, Defendant's contract with the Secretary of State of Georgia in this District to publish, and to offer and sell access to, the Georgia Regulations to Georgia residents located in this District.

10. Venue is also proper under 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in this District, as alleged in Paragraph 8 of this Complaint.

## FACTUAL BACKGROUND

11. The Georgia Regulations are promulgated by public agencies of the State of Georgia, and are required by O.C.G.A. § 50-13-7 to be published for the benefit of the public by the Georgia Secretary of State. The Secretary of State's website is the only official source for the entire body of Georgia Regulations.

12. The Georgia Regulations are public law published under statutory mandate and are in the public domain. Defendant cannot claim any exclusive right in, to, or in connection with the Georgia Regulations. Nor can Defendant achieve

indirectly, through attempting to impose "Terms of Use" on public use or access to the Secretary of State's website, what copyright law and public policy prohibit it from doing directly.

13. Fastcase is a legal research service that provides online access to searchable databases of public law, including federal and state statutes (all 50 states and the District of Columbia), administrative rules and regulations such as the Georgia Regulations, and judicial decisions, as well as to secondary sources in many states, including Georgia and Ohio.

14. Fastcase is available by subscription to lawyers and law firms, as well as a member benefit paid for by state bar associations and provided as a free benefit to hundreds of thousands of state bar members, including more than forty thousand in Georgia.

15. In 2010, Fastcase entered into a contract with the State Bar of Georgia pursuant to which Fastcase was required to, and did, build a database of Georgia law, including the Georgia Regulations. The State Bar of Georgia pays an annual per-member fee to Fastcase pursuant to a contract that requires Fastcase to make its databases, including the Georgia Regulations, available as a free benefit to all 40,000-plus members of the State Bar.

16. Defendant Lawriter is a competing for-profit, subscription legal

research service that similarly offers searchable access to cases, statutes, and other primary law materials operating under the name Casemaker.

17. Lawriter has entered into a contract with the Secretary of State of Georgia to publish the Georgia Regulations on a web site, and to make the Georgia Regulations "continuously and freely available twenty-four (24) hours a day, seven (7) days a week for viewing and searching by the general public via Internet connection; this shall be done at no charge and without the requirement of any passwords, codes, or registration requirements of any kind."

18. The "Terms of Use" placed on the Secretary of State's website by Lawriter appears to be a direct violation of Lawriter's contract with the Secretary of State to provide free access to Georgia law without restrictions.

19. Until Lawriter added the "Terms of Use" restriction to the site, Fastcase updated the Georgia Regulations by visiting the official Georgia Regulations page of the website of the Secretary of State of Georgia multiple times per week, in compliance with Fastcase's contract with the State Bar of Georgia,.

## THE PREVIOUS LITIGATION

20. On or about December 21, 2015, Lawriter issued a letter to Fastcase, objecting to Fastcase's offering of "fee-based services which include providing users with access" to "Electronic Files" incorporating the Georgia Regulations and

threatening to "take those steps Lawriter deems necessary to protect its rights, which may include litigation," if Fastcase did not immediately comply.

21. Lawriter also claims to have some degree of exclusive rights in the State of Ohio Laws and Rules. Fastcase is under an implicit threat that Lawriter will issue a similar demand that Fasctcase remove Ohio laws and rules from its databases.

22. Fastcase is not now aware of how many other states' laws, rules and regulations are subject to claims by Lawriter of any form of exclusive right. The principles of federal copyright law and public policy that apply to Georgia and Ohio should apply to protect Fastcase from similar threats with regard to the laws, rules or regulations of any other States.

23. Fastcase filed an action for declaratory relief, titled *Fastcase, Inc. v. Lawriter, LLC, dba Casemaker,* in the United States District Court for the Northern District of Georgia, Case 1:16-cv-00327-TCB.

24. Lawriter answered and asserted counterclaims for unjust enrichment and for "quantum meruit/quasi contract."

25. Twenty days later, Lawriter filed an amendment withdrawing its counterclaims, but alleging that the Georgia Regulations page of the Secretary of State's "website has been modified to render moot these allegations as the terms

and conditions, attached hereto as Exhibit A [including the 'Terms of Use' alleged above, in ¶ 6], have been posted to the website since April 7, 2016."

26. Despite withdrawing its original counterclaims, Lawriter made the following explicit threat in a brief filed on June 9, 2016:

> Lawriter altered the Website to require users to agree to express terms of use ("Terms of Use"). As a result, Lawriter anticipates that, if Plaintiff were allowed to amend or supplement its Complaint to state a claim based on the period after April 7, 2016, Lawriter would present a claim for breach of contract that would not be preempted by the Copyright Act, along with a claim for copyright infringement, depending on whether Plaintiff copied any materials authored by Lawriter.

27. Fastcase's previous suit was dismissed without prejudice on January 26, 2017.

## COUNT ONE: CLAIM FOR DECLARATORY RELIEF

28. Fastcase incorporates by reference the allegations of Paragraphs 1 through 27 of this Complaint.

29. Lawriter contends that the revisions it made to the Secretary of State's website establish a valid and enforceable contract between Lawriter and any party using that site for any purpose, including agreement to liquidated damages of $20,000 per "violation."

30. Fastcase has avoided updating the Georgia Regulations in its Georgia database since Lawriter posted its new "Terms of Use," rather than face claims that

Fastcase had agreed to Lawriter's demand for $20,000 for each "violation." Fastcase has not clicked to agree to Lawriter's "Terms of Use," and has not updated the Georgia Regulaions since Lawriter instituted its "Terms of Use." But for the questions that are the subject of this action, Fastcase would continue updating the Georgia Regulations in its database multiple times per week.

31. Prolonged delay in updating the Georgia Regulations in Fastcase's database presents a risk of being held in breach of Fastcase's contract with the State Bar of Georgia, with a potential loss to Fastcase of hundreds of thousands of dollars.

32. Declaratory judgment is authorized by statute, 28 U.S.C., § 2201, so that a party to a dispute is not compelled to wait until it has committed an act which another party asserts will constitute a breach, but may seek relief by declaratory judgment and have the controversy adjudicated in order that it may avoid the risk of damages or other untoward consequence. *See Keener Oil & Gas Co. v. Consolidated Gas Utilities Corp*., 190 F.2d 985, 989 (10th Cir. 1951).

33. Fastcase believes that the "Terms of Use" Lawriter has imposed on the Secretary of State's website do not create an enforceable contract, and in the alternative, any contract formed would be unenforceable as against public policy, invalid as a violation of the contract between Lawriter and the Secretary of State,

and in violation of copyright preemption and merger doctrines of federal copyright law, for attempting to create in public law contract rights of exclusivity that are exclusive to copyright.

34. It is well established in American law that state laws, including administrative rules and regulations, are not copyrightable, and must remain public as a matter of due process. *See Wheaton v. Peters*, 33 U.S. (8 Pet.) 591 (1834); *Banks v. Manchester*, 128 U.S. 244 (1888); *Davidson v. Wheelock*, 27 F. 61 (C.C.D. Minn. 1866) (publisher can't copyright state statutes, even if state purports to give exclusive publishing rights); *Howell v. Miller*, 91 F. 129 (6th Cir. 1898) ("no one can obtain the exclusive right to publish the laws of a state") (Harlan, J., sitting by designation); *Nash v. Lathrop*, 142 Mass. 29, 6 N.E. 559 (Mass. 1886) ("Every citizen is presumed to know the law thus declared, and it needs no argument to show that justice requires that all should have free access to the opinions, and that it is against sound public policy to prevent this, or to suppress and keep from the earliest knowledge of the public the statutes or the decisions and opinions of the justices."). See generally L. Ray Patterson & Craig Joyce, Monopolizing the Law: The Scope of Copyright Protection for Law Reports and Statutory Compilations, 36 UCLA L. Rev. 719 (1989), and cases cited therein.

35. Indeed, "[a]s a matter of longstanding public policy, the U.S.

Copyright Office will not register a government edict that has been issued by any state, local, or territorial government, including legislative enactments, judicial decisions, administrative rulings, public ordinances, or similar types of official legal materials." *Compendium of U.S. Copyright Office Practices*, Third Edition, Sec. 313.6(C)(2).

36. Fastcase is informed and believes, and on that basis alleges, that Lawriter has not contributed any original authorship to the Georgia Regulations or any compilation of the Georgia Regulations. The rules and regulations included in the Georgia Regulations are promulgated by state agencies for the benefit of the citizens of the state, and all published regulations are included in the Georgia Regulations, as required by the Code of Georgia § 50-13-7. Defendant neither writes regulations for the State of Georgia, nor selects which regulations are worthy of publication in the Georgia Regulations.

37. In view of the foregoing, Lawriter has no legal rights, in copyright or contract, exclusive or otherwise, to restrict access to or publication of the Georgia Regulations, which belong to the people of the State of Georgia.

38. Thus, Fastcase seeks declaratory judgment that Lawriter has no basis from which to prohibit Fastcase from publishing the Georgia Regulations, or comparable materials from any other state, in its subscription legal research

service.

39. Accordingly, an actual justiciable controversy exists as to the parties' respective rights in connection with Georgia Regulations, and with the laws, rules, and regulations of any other State as to which Lawriter now claims or might hereafter claim any exclusive right, including the rights to use, license, publish, and distribute such laws, rules, and regulations, and the Defendant's demand under threat of lawsuit that Fastcase cease publication of public law.

40. A determination that the Defendant has no protectable exclusive rights in the Georgia Regulations, or in the laws, rules, and regulations of any other State, in either contract or copyright, would resolve this controversy.

**RELIEF REQUESTED**

WHEREFORE, Fastcase respectfully requests the Court enter judgment in its favor and grant Fastcase the following relief:

A. Pursuant to 28 U.S.C. § 2201, declarations that:

1. Defendant Lawriter does not and cannot have any copyright or other exclusive right in or to the Georgia Regulations, or in or to the laws, rules, and regulations of any other State;
2. Any state-law claims Lawriter might assert on the basis of copying and publication of the Georgia Regulations would

be pre-empted by federal copyright law;

3. Plaintiff Fastcase does not and cannot infringe any exclusive contract rights held by Defendant in the Georgia Regulations, or in the laws, rules, and regulations of any other State; and

4. The "Terms of Use" imposed by Defendant Lawriter on the website of the Georgia Secretary of State are unenforceable as violating public policy and cannot establish a binding contract between Lawriter and any other person.

B. Pursuant to 28 U.S.C. § 2202, such other and further relief, at law and in equity, to which Fastcase may be entitled.

Respectfully submitted this 2nd day of February 2017.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*/s/ Robert G. Brazier*
Robert G. Brazier (Georgia Bar No. 078918)
rbrazier@bakerdonelson.com
Steven G. Hall (Georgia Bar No. 319308)
shall@bakerdonelson.com
Joshua Tropper (Georgia Bar No. 716790)
jtropper@bakerdonelson.com
Monarch Plaza, Suite 1600
3414 Peachtree Road N.E.
Atlanta, GA 30326
Telephone (404) 577-6000
Facsimile (404) 221-6501

*Attorneys for Plaintiff Fastcase, Inc.*